**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA  57501-2463

**IRVIN N. HOYT**                                                                                TELEPHONE (605) 224-0560
**BANKRUPTCY JUDGE**                                                                                   FAX (605) 224-9020

March 20, 2006

Bruce J. Gering,
Assistant United States Trustee
230 S. Phillips Avenue, Suite 502
Sioux Falls, South Dakota  57102

James E. Carlon, Esq.
Counsel for Debtor
Post Office Box 249
Pierre, South Dakota  57501

    Subject:  *In re Teresa Etienne*,
                 Chapter 7, Bankr. No. 05-30103

Dear Counsel:

    The matter before the Court is the Motion for Judgment on the Pleadings filed by the United States Trustee and the response filed by Debtor.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, the United States Trustee's Motion for Judgment on the Pleadings will be denied.

    *Summary*.  Teresa Etienne ("Debtor") filed a Chapter 7 petition in bankruptcy.  According to her Schedules I and J, Debtor's monthly expenses exceed her net monthly income by $7.74.  She declared all her assets exempt.  She stated she had no secured creditors or priority unsecured creditors. Debtor said unsecured claims against her totaled $47,897.39, with most appearing to be consumer related (medical and credit cards).

    The United States Trustee filed a motion to dismiss Debtor's Chapter 7 case under 11 U.S.C. § 707(b) on the grounds that granting Debtor a Chapter 7 discharge would result in a substantial abuse of the bankruptcy process.  The United States Trustee calculated Debtor's monthly net income actually exceeded her reasonable monthly expenses by $856.45, and she could pay a substantial portion of her unsecured debts through a three-year

In re Etienne
March 20, 2006
Page 2


Chapter 13 plan or all of this debt through a five-year plan. In arriving at that figure, the United States Trustee said Debtor had understated her monthly income because she had included retirement fund payments and retirement fund loan repayments. He also argued her food, medical, and recreational expenses were too high for a single person. The United States Trustee conceded Debtor's sister and the sister's two children live with Debtor, but he argued she had no legal obligation to support them.

Debtor responded. She said her sister and her niece are disabled, and the funds she uses to support them should not be considered disposable income.

Shortly after Debtor's response, the United States Trustee filed a Motion for Judgment on the Pleadings. He argued Debtor's response failed to comply with Local Bankr. R. 9014-2, which incorporates Fed.Rs.Civ.P. 8 and 10 in contested matters, because Debtor did not specifically admit or deny the United States Trustee's several averments.

Debtor filed a response saying a recent worsening of her own health prohibits her from working full time. She attached a doctor's statement to her pleading in which the physician said Debtor "is going to need to cut down on her hours at this time and maybe [*sic*] limited from even working in the near future."

*Discussion*. An evidentiary hearing will be needed to determine Debtor's present earning ability and the reasonableness of several of her monthly expenses. Accordingly, the United States Trustee's Motion for Judgment on the Pleadings will be denied.

As the Court has ruled in the past under § 707(b) motions, Debtor may not deduct as "above the line" expenses retirement fund contributions or retirement fund loan repayments. *In re David and Sandra Durfee*, Bankr. No. 05-10354, slip op. at 3-4 (Bankr. D.S.D. Jan. 31, 2006)(cases cited therein); *In re Hartsel Shirley, Jr., and Ginger Shirley,* Bankr. No. 99-02365-W, 2000 WL 150835, slip op. at 4 (Bankr. N.D. Iowa Jan. 4, 2000)(cases cited therein). Debtor is expected to pay her creditors before she pays herself. *Durfee*, slip op. at 3.

As to Debtor's support of adult family members, the Court will

In re Etienne
March 20, 2006
Page 3


receive evidence on the necessity of Debtor doing so and the reasonableness of her expenditures for them. The presumption, however, is she cannot voluntarily support adult family members in lieu of paying creditors. *See In re Kirby Sandvik*, Bankr. No. 04-31324, 2004 WL 3383656, , slip op. at 3 (Bankr. D.N.D. Dec. 1, 2004) (cases cited therein); *In re Robert D. and Susan R. Mendelsohn*, Bankr. No. 98-40099, slip op. (Bankr. D.S.D. Nov. 10, 1998) (cases cited therein). The evidence should include the status of the sister's and niece's respective applications to receive disability payments from Social Security and what other financial support, in any form or from any source, is available to these family members.

The Court will direct the Scheduling Deputy to contact counsel and set the matter for an evidentiary hearing.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC:  case file (docket original; serve parties in interest)


On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota